Moncure, J.
after stating the case, proceeded :
Thére can be no doubt but that the two suits referred to in the obligations on which this action is founded,. are the same suits of which transcripts of the records were offered in evidence; and that the plaintiff Burch became Nolley’s security for costs in the said suits, and as such was compelled to pay the sums of money sued for and recovered in this action. There is no variance between the records and the obli.gations and declaration. The defendant offered no evidence of the existence of any other suits, or any other securityship for costs to which his obligations could refer; but rested his defence alone upon the ground that the bond by which the plaintiff became security for costs bears date after the date of the said obligations, which purport to be for the indemnity of the plaintiff against a prior securityship.
But though the obligations bear date, it does not follow that they were fully executed, before the bond. Delivery is necessary to the complete execution of a bond, which may not be delivered until long after its date, and will take effect from its delivery, not from its date. The date is prima facie, but not conclusive, evidence of its delivery at that time. The presumption may be repelled by other evidence. It is not unusual that a bond dated at one time and intended to be delivered at another, recites that the consideration has been received; when, in fact, it has not been received at the date, but is expected to be, at or before *483 the delivery of the bond. The bond is considered as speaking at the time of its delivery, and not of its date. In such a case there is no incongruity; and if the consideration be received at or about the time of delivery, according to the intention and expectation of the parties, there can be no doubt as to the obligation of the bond on all the obligors, whether principals or sureties.
The circumstances strongly tend to show that this is precisely such a case; and well warranted the jury in so considering it. Holley, residing in Virginia, instituted two suits in South Carolina, and was required to give security for costs. He had friends in Virginia who would become his sureties, but not, it seems, in South Carolina. The plaintiff Burch residing in that state agreed to become his security on being indemnified by a bond with sureties residing in Virginia ; and accordingly the obligations aforesaid were given for his indemnity, and he became security for costs. It does not expressly appear when, or how, the obligations were delivered, nor whether delivered before, at the time, or after he became security for costs. They were signed in Virginia and delivered in South Carolina : Of course some time intervened between their date and delivery. They may have been sent by Holley to his attorney in the suit to be delivered to Burch on his entering into bond as security for costsf if he had not already done so. In natural order, the delivery of the obligations, would follow the .execution of the bond; and it is fair to presume, in the absence of proof to the contrary, that such was the fact.
But it is immaterial in what order the obligations were delivered and the bond .was executed. The whole was one continuous transaction. The substance of it plainly was that Burch agreed to become security for costs, and Holley agreed to indemnify him. Burch did become such security, and these obligations were *484 delivered to him for his indemnity. It must be presumed that they were so delivered with the defendant’s consent. He acknowledged in them that Burch had become security for costs, and is thereby estopped from denying the fact, or showing that it occurred after, instead of before, the obligations were executed. Cecil v. Earley and others, supra 198, and Cox, &c. v. Thomas, &c. 9 Gratt. 312, and cases cited in the latter.
I think the court did not err in refusing to exclude the said records from the jury, nor in giving the instruction which it did; and am therefore for affirming the judgment.
The other judges concurred in the opinion of Moncure, J.
Judgment affirmed.